UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:9-cr-43-ART-EBA-9

UNITED STATES,                                                                                            PLAINTIFF,

v.      **MAGISTRATE JUDGE'S REPORT
          AND RECOMMENDATION**

MATTIE RENEE MOORE,                                                                              DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter came before the Court for a final revocation hearing on February 11, 2016, based upon alleged violations of Defendant's terms of supervision as set forth in the January 11, 2016 violation report. Defendant was present at the hearing and represented by retained counsel, W. Sidney Trivette, and the United States was represented through Assistant U.S. Attorney Gary Todd Bradbury. During the hearing, Defendant waived her right of allocution before a U.S. District Judge, and exercised her right of allocution before the undersigned. Counsel advised the Court they had reached a binding agreement regarding a sentence, and submitted their agreed recommendation of four (4) months incarceration, followed by six (6) months in a halfway house, and a continuation of the original terms of supervision.

FINDINGS OF FACT

Defendant Mattie Renee Moore pled guilty to all violations set forth in her January 11, 2016 violation report. Moore admits she travelled to West Virginia for medical treatment without receiving permission from her probation officer, in violation of her terms of supervision. Second, upon being fired from her job in November 2014, Moore failed to find and maintain new employment, in violation of supervision. Third, Moore failed to obtain her GED within one

1

(1) year of her release from custody, in violation of supervision. Fourth, Moore failed to notify her probation officer of a prescription for Hydrocodone/Acetaminophen she was prescribed on October 12, 2015, in violation of supervision. Fifth, Moore was referred to outpatient substance abuse counseling at Mountain Comprehensive Care Center in Inez, Kentucky on July 11, 2014, but failed to attend treatment sessions there as directed, in violation of supervision. Lastly, although she was advised by probation on August 11, 2015 that her treatment through the suboxone clinic would be considered part of her supervision, records obtained from Ohio Valley Physicians indicate she failed to attend all appointments, and she failed to notify probation when she stopped taking the suboxone medication, in violation of supervision. As a result of these admissions, the Court finds by a preponderance of the evidence that Moore has violated the following conditions of supervised release:

FROM THE VIOLATION REPORT OF JANUARY 11, 2016:

(1) Violation No. 1: Standard Condition #1: Defendant left the judicial district without the permission of the court or the probation officer (Grade C Violation);

(2) Violation No. 2: Standard Condition #5: Defendant failed to maintain regular employment at a lawful occupation, and was not excused by the probation officer for schooling, training or other acceptable reasons (Grade C Violation);

(3) Violation No. 3: Special Supervision Condition: Defendant failed to complete her GED within one (1) year of release from custody (Grade C Violation);

(4) Violation No. 4: Special Supervision Condition: Defendant failed to notify her probation officer immediately (i.e. within 72 hours) that she received a prescription medication containing a controlled substance during the period of supervision (Grade C Violation);

(5) Violation No. 5: Special Supervision Condition: Defendant failed to attend and participate in substance abuse treatment programs at Mountain Comprehensive Care Center as directed (Grade C Violation);

(6) Violation No. 6: Special Supervision Condition: Defendant failed to continue participating in substance abuse treatment programs at the Ohio Valley Physicians suboxone clinic as directed (Grade C Violation).

ANALYSIS

In making a recommendation regarding the imposition of sentence, the undersigned has considered the following factors set forth in 18 U.S.C. § 3553:

**(I) The History and Characteristics of the Defendant, and the nature and circumstances of the offense.** On July 6, 2010, Mattie Renee Moore was sentenced to fifteen (15) months imprisonment followed by three (3) years supervised release, following a plea of guilty to Conspiracy to Distribute Oxycodone in violation of Title 21 U.S.C. § 846. On February 5, 2011, Defendant began her term of supervision through the Probation Office in Pikeville, Kentucky. However, on October 22, 2013, Defendant's supervision was revoked for failing to answer her probation officer's inquiries truthfully, and she was sentenced to nine (9) months imprisonment followed by five (5) years of supervised release. She began this subsequent term of supervision through the Probation Office in Ashland, Kentucky on July 2, 2014.

Upon being released from incarceration in July 2014, Defendant was employed at McDonalds, but after being fired in November 2014 due to excessive absences, she failed to secure another job, and remains unemployed today. Also, despite being court-ordered to obtain her GED within one year of release from custody, Defendant failed to do this as well. Most

3

recently, reports of Defendant's alleged violations surfaced starting on December 8, 2015; an investigation conducted through the KASPER reporting system revealed that Defendant filled a number of prescriptions issued by a West Virginia physician on December 8, 2015, and had the prescriptions filled at a West Virginia pharmacy even though she was not allowed to travel to West Virginia per the terms of her supervision.

On April 25, 2015, Defendant reported to probation that she had received a prescription for suboxone. After she demonstrated an unwillingness to ween off of and eventually cease taking the prescribed suboxone, probation advised Defendant on August 11, 2015, that her treatments at the suboxone clinic would be permitted on the condition that they would be mandatory from that point forward. Yet records from Ohio Valley Physicians indicated that Defendant still failed to attend these suboxone treatments on September 22, 2015, and October 30, 2015, as required. Meanwhile, Defendant was also regularly missing her mandatory outpatient substance abuse counseling at Mountain Comprehensive Care Center, failing to attend sessions in September and December of 2014, and missing additional sessions in February, April, August and November of 2015. Additionally, on October 12, 2015, Defendant filled an additional prescription for Hydrocodone/Acetaminophen, as was reported through the KASPER system, yet she failed to notify her probation officer of receiving this prescription as required by her supervision.

**(II) The need for the sentence to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to future conduct; and to protect the public from further crimes of the Defendant.** Defendant has a criminal history category of I, and her most serious violation

4

constitutes a Grade C Violation. In making a recommendation in this matter, the Court recognizes the need to penalize Defendant for her willful supervision violations. While Defendant does possess the ability to succeed, she lacks the personal motivation needed to make the necessary lifestyle changes. As illustrated by her history of non-compliance, Defendant was even given a compromise of sorts from probation, allowing her to continue taking suboxone in spite of her probation officer's initial instructions to stop taking suboxone, so long as Defendant attended regular treatments at the suboxone clinic. Yet she failed to make these appointments as well. Because Defendant's addictions and proclivities for breaking the law keep resurfacing and stagnating her progress towards living a law-abiding life, a term of incarceration is appropriate under the circumstances. Until Defendant can demonstrate her willingness to follow supervision conditions, whether it means maintaining employment or obtaining her GED, the Court is unwilling to permit her to remain on supervision.

For the above reasons, it is RECOMMENDED that the Court revoke the Defendant's supervised release and impose a sentence of four (4) months incarceration, with credit for time served, followed by Defendant's continuing her current term of supervised release, scheduled to end in October 2018.

Additionally, the undersigned RECOMMENDS the modifying the terms of supervision to include the following special conditions:

(1) The defendant shall seek medical treatment and obtain/fill any prescriptions only in the state of Kentucky, unless otherwise approved by the probation officer. The defendant shall provide full disclosure of her prior drug addiction to any treating physicians;

(2) The defendant is required to provide copies of any and all prescription received and is

5

responsible for making sure that a copy is provided to her probation officer from the prescribing source within 24 hours of the time the prescription is written;

(3)  The defendant shall seek approval of the probation officer before enrolling in any substance abuse treatment program;

(4)  The defendant must complete her GED within one (1) year of release from custody or will be in violation of her term of supervision;

(5)  The defendant is ordered to serve the first six (6) months of supervised release in a halfway house;

(6)  The defendant shall refrain from enrolling in suboxone treatment if the treatment and/or medical officials determine that removal from such would not cause harm to the defendant.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived.  United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002).  General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal.  Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).  A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed February 19, 2016.



Signed By:
Edward B. Atkins  *EBA*
United States Magistrate Judge